IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DANIEL HOWARD,

    Plaintiff,

v.

CIVIL ACTION NO.: CV504-014

CORRECTIONS CORPORATION
OF AMERICA, d/b/a COFFEE
CORRECTIONAL FACILITY;
PATRICIA HICKS, Warden;
State Monitor DAN STONE; Capt.
SANDRA WHITE; Correctional
Officer THOMAS and Correctional
Officer SEXTON,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Coffee Correctional Facility in Nicholls, Georgia, filed a 42 U.S.C.A. § 1983 action contesting the conditions of his confinement. Defendants filed a Motion for Summary Judgment, and Plaintiff has responded. For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff Howard alleges that on August 12, 2003, as he was being transported to court in a prison van, a deer jumped onto the highway directly in front of the van. This caused an accident, and the van spun around on the road several times. Plaintiff alleges that Defendants Hicks and White wrongfully authorized him to be transported in a van that

AO 72A
(Rev. 8/82)

"had no safety restraints, seat belts, or safety harnesses," a violation of state law and prison policies. (Compl., p. 5.) Plaintiff also asserts that Defendants Hicks and White employed a procedure for restraining him during transit wherein his cuffed hands were secured in a box, a practice which prevented Plaintiff from protecting himself during the accident. Plaintiff contends that Defendants Thomas and Sexton restrained him in a manner which put his life in jeopardy, drove the van at a high rate of speed, and left the scene of the accident. Plaintiff avers that Defendant Corrections Corporation of America, d/b/a Coffee Correctional Facility wrongfully refused him medical care after the accident.

Defendants asserts that Plaintiff did not exhaust his administrative remedies and as a result, his Complaint should be dismissed. Specifically, Defendants assert that, although Plaintiff filed a grievance pertaining to this matter, he did not request a grievance form until August 27, 2003, and gave it to a counselor the next day. Because the incident about which Plaintiff complains occurred on August 12, 2003, Defendants contend that Plaintiff did not file his grievance within the five day time limit.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine

AO 72A
(Rev. 8/82)

"'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

Title 42, United States Code, Section 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995 ("PLRA"), sets forth the procedures a prisoner must follow to access the courts. Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

3

AO 72A
(Rev. 8/82)

In Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed.2d 12 (2002), the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523, 122 S. Ct. at 987. Thus, even when the prisoner is seeking relief not provided for under the grievance process, exhaustion is still a prerequisite to his filing suit. Id. at 524, 122 S. Ct. at 988; Booth v. Churner, 532 U.S. 731, 732, 121 S. Ct. 1819, 1821, 149 L. Ed.2d 958 (2001). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (citing Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. See id.

The Georgia Department of Corrections has a statewide grievance procedure that requires that prisoners file grievances within five (5) business days of any alleged incident. If a prisoner misses the deadline, he may still file a grievance and provide an excuse for his delay. The Grievance Coordinator may waive the time limit in appropriate cases for good cause shown. (See Defs.' Ex. 1, p. 2, citing Standard Operating Procedure IIB05-0001.)

Defendants aver[1] that the incident about which Plaintiff complains occurred on August 12, 2003, as he was being transported to the Federal Building in Waycross, Georgia, to appear in court on August 14, 2003. On August 19, 2003, Defendants contend

---

[1] Defendants allege that they are moving for summary judgment based upon the same grounds the undersigned recommended dismissal of Plaintiff's claims against Dan Stone. (Defs.' Mem., p. 3.) Given the Defendants rather brief factual allegations set forth in their Motion, the undersigned will base Defendants' allegations on the affidavit they submitted in support of their Motion, as well as some of Dan Stone's allegations set forth in the undersigned's Report and Recommendation dated November 30, 2004. (Doc. No. 47.)

4

that Plaintiff returned to Coffee Correctional Facility and was placed in administrative segregation until August 21, 2003. Defendants also contend that Plaintiff was issued a grievance form on August 27, 2003, and he filed the grievance on August 28, 2003. Defendants allege that Plaintiff had grievance forms available to him while he was housed in the segregation unit but failed to request a form. (Aff. of Chad Lott.) Defendants assert that Plaintiff did not file his grievance pertaining to the allegations set forth in his Complaint in a timely manner. Defendants also assert that Plaintiff has not shown good cause for filing an untimely grievance, nor did he attempt to file an "out of time" grievance. (Doc. No. 47, p. 4.)

Plaintiff contends the PLRA does not contain language regarding the filing of a grievance in a timely manner. Plaintiff also contends that he filed an appeal on the denial of his grievance, and therefore, he exhausted all available administrative remedies. Plaintiff further contends that he requested a grievance form from prison staff while he was housed in segregation but was not able to obtain one, which prevented him from filing a timely grievance. Plaintiff asserts that he did not receive a grievance form until August 27, 2003.

The Eleventh Circuit's holding in Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999), is applicable to the instant case. In Harper, the plaintiff filed a grievance that was denied as untimely. Id. at 1312. Because he felt that his appeal would not be entertained, the plaintiff chose not to appeal the denial. Id. The plaintiff asserted that his failure to appeal was excused because the act of filing an appeal would have been futile. Id. The district court dismissed the case, concluding that the plaintiff failed to exhaust. Id. The Eleventh Circuit Court of Appeals affirmed. Id. at 1311. The Court noted that the governing

5

grievance procedure allowed for a waiver of the strict five-day period for filing when "good cause" is shown. Id. at 1312. The Court held that the plaintiff's failure to petition for this waiver amounted to a failure to exhaust. Id. Specifically, the Court noted that by not attempting to obtain the waiver, he did not exhaust the remedies available to him. Id. The Court further held that from a policy perspective, if an untimely grievance was adequate to exhaust, the PLRA's exhaustion requirement would be without meaning. Id.

Plaintiff did not file a grievance concerning the events giving rise to this cause of action until August 28, 2003, well beyond the five day time limit provided for in the statewide grievance procedure. In addition, Plaintiff recognizes that his grievance filing was untimely. (Pl.'s Br. in Opp'n to Mot. for Summ. J., p. 9.) According to the grievance procedure in place, although Plaintiff did not file a timely grievance, he still had as an available administrative remedy the option of asking the Grievance Coordinator to waive the five-day time limit in order to file an out-of-time grievance. It appears that Plaintiff did not seek permission to file an out-of-time grievance, and, accordingly, he failed to exhaust all available administrative remedies. See Harper, 179 F.3d at 1312.

Although Plaintiff filed several statements from other inmates, these statements reveal that each inmate claims to have been denied grievance forms while he was housed in segregation. (Doc. No. 61, Pl.'s Not. of Filing.) In contrast, the affidavit of Chad Lott, who was a counselor at Coffee Correctional Facility during the pertinent dates, indicates that Plaintiff did not request a grievance form while he was in segregation even though these forms were available to him. (Aff. of Chad Lott, ¶¶ 3-5.) Moreover, Plaintiff submitted the last page of what appears to be another affidavit given by Chad Lott, which is dated September 24, 2004. This affidavit indicates that because Plaintiff did not return

6

to Coffee Correctional Facility until August 19, 2003, he should have filed a grievance no later than August 24, 2003, to be considered timely filed. (Doc. No. 62, First Attachment.) In sum, Plaintiff has failed to establish the existence of a genuine issue of material fact as to whether he exhausted *all available* administrative remedies.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion for Summary Judgment (Doc. No. 50) be **GRANTED**, and that Plaintiff's complaint be **dismissed** without prejudice so that Plaintiff may exhaust his available administrative remedies.

**SO REPORTED** and **RECOMMENDED**, this 5th day of July, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE